# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 23-2343

CANDICE MARTIN, individually and as Executrix of the Estate of Rodney Martin, deceased,

*Plaintiff-Appellee*,

*v.*

GOODRICH CORPORATION, formerly known as B.F. GOODRICH COMPANY and POLYONE CORPORATION, individually and as Successor-By-Consolidation to the GEON COMPANY, now known as AVIENT CORPORATION,

*Defendants-Appellants*.

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:21-cv-01323 — **James E. Shadid**, *Judge*.

ARGUED FEBRUARY 14, 2024 — DECIDED FEBRUARY 28, 2025

Before SCUDDER, ST. EVE, and LEE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Rodney Martin was exposed to a carcinogen, vinyl chloride monomer, during his work for B.F. Goodrich Company in the 1960s and '70s. Many decades later, he received a diagnosis of angiosarcoma of the liver, a rare

cancer associated with vinyl chloride exposure. Eight months after his diagnosis, Rodney died. His widow, Candace Martin, commenced this wrongful death and survivorship action against Goodrich and its successors.

Recognizing that the viability of Martin's claims depended on novel and important questions of Illinois law, we certified three questions to the Illinois Supreme Court. *See Martin v. Goodrich Corp.*, 95 F.4th 475 (7th Cir. 2024). Each of our questions invited the court to clarify how a recent amendment to the Workers' Occupational Diseases Act, 820 ILCS 310/1 *et seq.* (the "ODA"), affects the ability of plaintiffs afflicted by latent occupational diseases to bring civil actions for damages.

The Illinois Supreme Court's responses to our certified questions make clear that the ODA does not bar Martin's suit from proceeding. So we affirm the district court's denial of the defendants' motion to dismiss and remand the case for further proceedings.

## I.

The ODA provides a framework for an Illinois employee to seek compensation for a disease "arising out of and in the course of [his or her] employment." 820 ILCS 310/1(d). Akin to a workers' compensation program, the ODA creates a system of "no-fault liability" for employers but imposes limitations on recovery for injured employees. *See Folta v. Ferro Eng'g*, 43 N.E.3d 108, 112 (Ill. 2015).

Among the ODA's restrictions are two provisions barring employees from seeking compensation outside of the ODA's administrative scheme: 820 ILCS 310/5 ("section 5") ("there is no common law or statutory right to recover compensation or damages from the employer … other than for the

compensation herein provided") and 820 ILCS 310/11 ("section 11") ("the compensation herein provided for shall be the full, complete and only measure of the liability of the employer … in place of any and all other civil liability").

An additional two provisions place time limits on compensation under the ODA. The first, 820 ILCS 310/1(f), ("subsection 1(f)"), declares that:

> No compensation shall be payable for or on account of any occupational disease unless disablement, as herein defined, occurs within two years after the last day of the last exposure to the hazards of the disease….

The second provision, 820 ILCS 310/6(c) ("subsection 6(c)"), provides that for most injuries or deaths, the claimant must file with the ODA Commission within three years of the employee's disablement.

Prior to 2019, the combined effect of these provisions was to bar employees afflicted by occupational diseases with latency periods of more than two years from obtaining injury compensation from their employers. *See Folta*, 43 N.E.3d at 117–18. But in May of 2019, six months prior to Rodney's cancer diagnosis, the Illinois legislature amended the ODA.

The legislature's 2019 amendment added an exception to the ODA's section 5 and section 11 exclusivity provisions. Pursuant to the new exception:

> Section 5 and Section 11 do not apply to any injury or death resulting from an occupational disease as to which the recovery of compensation benefits under this Act would be precluded due to the operation of any period of repose or repose provision.

820 ILCS 310/1.1, ("section 1.1"). So, for "any such occupational disease," employees and their heirs may bring civil actions, "including an action for wrongful death and [survivorship actions]." *Id.*

Relying upon the newly enacted section 1.1, Martin filed suit against Goodrich and its successors in federal court. Martin asserted that subsection 1(f)—which bars compensation for occupational diseases with latency periods of more than two years—was a repose provision that precluded her from seeking compensation under the ODA. As a result, section 1.1 excepted her claims from the Act's exclusivity provisions. Goodrich moved to dismiss the suit for failure to state a claim, contending that subsection 1(f) was a condition precedent to recovery, not a repose provision, and section 1.1 therefore did not apply. In the alternative, Goodrich argued that construing section 1.1 to exempt Martin's claims from the ODA's exclusivity provisions would violate its due process rights under the Illinois constitution.

The district court rejected Goodrich's arguments and denied its motion to dismiss. Goodrich then requested the court certify its legal questions to us, pursuant to 28 U.S.C. § 1292(b). The district court granted its request and we accepted the interlocutory appeal, agreeing that appellate jurisdiction was proper. *Martin*, 95 F.4th at 478.

## II.

The questions of law presented by Goodrich's appeal were challenging and novel. *See id.* at 481. Recognizing how many litigants our decision could impact, we declined to risk unsettling the ODA's intricate compensation apparatus without input from our esteemed colleagues in Illinois. *Id.* at 478. We

No. 23-2343                                                              5

thus certified the following questions to the Illinois Supreme Court:

> (1) Is 1(f) a "period of repose or repose provision" for 310/1.1 purposes?
> (2) If 1(f) falls within Exception 1.1, what is its temporal reach—either by its own terms or through Section 4 [of Illinois's Statute on Statutes]?
> (3) Would the application of Exception 1.1 to past conduct offend Illinois's due process guarantee?

*Id.* at 482–84. The Illinois Supreme Court accepted our certification. *Martin v. Goodrich Corp.*, No. 130509, 2025 WL 287257 (Ill. Jan. 24, 2025).

In answer to our first question, the Illinois Supreme Court held that subsection 1(f) "by its plain language . . . is a statute of repose." *Id.* at *6. The court observed that it had previously found subsection 6(c) of the ODA to be a repose provision and reasoned that subsection 1(f) was no different. *See id.* at *5–6 (citing *Folta*, 43 N.E.3d at 116). Like subsection 6(c), subsection 1(f)'s timing "does not relate to the accrual of a cause of action." *Id.* at *6. Its clock "runs whether or not the employee has discovered the injury or been diagnosed with a disease." *Id*. Furthermore, subsection 1(f) has the same practical effect as subsection 6(c)—"extinguish[ing] an employee's right to file a claim under the statute." *Id.* at *5.

The Illinois Supreme Court next considered the temporal reach of section 1.1. All parties agreed that section 1.1 made a substantive change to the ODA and therefore applied prospectively, encompassing only diseases discovered after its enactment. *Id.* at *8. But Goodrich argued that the occupational exposure alleged to cause the disease must *also* postdate

section 1.1's enactment to fall within its prospective sweep. *See id.* The court rejected Goodrich's contention, observing that the Illinois legislature had amended the ODA to provide employees at risk of latent occupational diseases with a means of obtaining compensation. *Id.* at *9. Limiting section 1.1's scope to claims arising out of post-amendment occupational exposures would undermine this legislative intent.

Finally, the court explained that the Illinois constitution's due process clause does not command a different understanding of section 1.1's reach. *Id.* The ODA's exclusivity provisions equip employers with an affirmative defense against civil suits. But unlike a statute of limitations or repose, an ODA exclusivity defense does not automatically extinguish liability—"an employer's potential for tort liability exists unless and until the defense of the Workers' Occupational Diseases Act is established." *Id.* at *9. The enactment of an exception to the ODA's exclusivity defense thus did not infringe employers' due process rights under the state constitution because it did not strip them of a vested right.

With this guidance from the Illinois Supreme Court in hand, we now resolve the appeal.

### III.

The parties do not dispute that Rodney's last exposure to vinyl chloride monomer occurred more than two years prior to his angiosarcoma diagnosis. The plain language of section 1(f)'s repose provision therefore bars Martin from seeking compensation under the ODA. Because Martin is precluded from asserting an ODA claim against Goodrich "due to the operation of any period of repose or repose provision,"

section 1.1 exempts her tort claims from the ODA's exclusivity provisions, 820 ILCS 310/1.1, and her claims may proceed.

As the Illinois Supreme Court unequivocally determined, neither section 1.1's prospective sweep nor the Illinois constitution's due process clause bar this result. Rodney was diagnosed with cancer after the enactment of section 1.1. That is sufficient to fall within section 1.1's prospective scope. And because Goodrich did not have a vested right in an ODA exclusivity defense, the enactment of an exception to that defense does not violate its due process rights.

*   *   *

For the foregoing reasons, we AFFIRM the district court's denial of Goodrich's motion to dismiss and REMAND the case for further proceedings.